UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        **MEMORANDUM OPINION AND ORDER**
v.         Criminal No. 15-09 ADM/SER
        Civil No. 17-4520 ADM

Kenneth Owen Machen,

        Defendant.

_____

Amber M. Brennan, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Kenneth Owen Machen, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Kenneth Owen Machen's ("Machen") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 59][1] (the "Motion"). For the reasons set forth below, Machen's Motion is denied.

## II. BACKGROUND

On April 22, 2015, Machen entered a plea of guilty to Count I of an Information [Docket No. 32] charging him with possession of a stolen firearm in violation of 18 U.S.C. § 922(j). See Plea Agreement [Docket No. 35] ¶ 1. In the Plea Agreement, Machen admitted the following facts:

    a.     During the late evening hours of October 16, 2014, Defendant was at the Little Earth apartment complex in Southeast Minneapolis.

---

[1] All docket citations are to the Criminal Docket.

        Numerous individuals observed Defendant holding a firearm. Defendant then ran through a parking lot to a different section of the apartment complex, where he was located by police.

    b.    Officers arrested Defendant on the scene and discovered a Ruger, Model: LCP, .380 caliber semi-automatic handgun, bearing serial number: 371038190, in the parking lot along Defendant's flight path. Officers subsequently discovered that the gun had been stolen from a victim in the city of Oak Park Heights, Minnesota.

    c.    Defendant was in possession of the Ruger handgun that evening. He had acquired the handgun earlier that day from an individual in the Little Earth apartment complex who told Defendant the gun had been stolen, but that it had not been used in any crimes. Therefore, Defendant knew the handgun had been stolen prior to the time he possessed it.

    d.    The Ruger, Model: LCP, .380 caliber semi-automatic handgun was manufactured in Prescott, Arizona. Defendant does not dispute that the firearm traveled in interstate and foreign commerce prior to Defendant's possession of it on October 16, 2014.

Id. ¶ 2.

On August 14, 2015, Machen was sentenced to 70 months' imprisonment. Sentencing J. [Docket No. 52] at 2. Machen did not directly appeal his conviction.

Machen now moves under § 2255 to vacate his sentence, arguing that he received ineffective assistance of counsel and that he is actually innocent of possessing a stolen firearm. Motion at 5–6. Machen claims that he told his attorney that Minneapolis Police Officer David Campbell ("Campbell"), who was present at the Little Earth apartment complex on the night of the offense and assisted in the investigation, planted the gun at the scene. Id. at 5. Machen further claims that his attorney never investigated his claim and instead told Machen that he would receive a life sentence if he did not plead guilty. Id. at 5. Machen alleges that he and his attorney then "fabricated a believable story" for the Plea Agreement. Id. at 5–6

2

Machen states that he waited more than two years after he was sentenced to contest his conviction because recent charges filed against Officer Campbell constitute newly discovered evidence that support his claims of ineffective assistance of counsel and actual innocence. In September 2017, Campbell was charged in Hennepin County District Court with six counts relating to sexually assaulting his teenaged son's 16-year old girlfriend. See Mem. Resp. Def.'s Mot. [Docket No. 64] Ex. 1 (Criminal Complaint in State of Minnesota v. David Campbell, No. 27–CR–17–22942). Machen contends that Campbell was also charged with planting evidence. However, the criminal complaint against Campbell does not include any allegations of planting evidence or any improper conduct during an investigation or legal proceeding. Nevertheless, Machen asserts that the state charges against Campbell are consistent with Machen's prior allegation that Campbell planted evidence in this case.

Machen requests that the Court vacate his sentence, hold a hearing, appoint counsel, and allow discovery of all matters related to Campbell's case.

Plaintiff United States of America (the "Government") argues that the Motion is untimely and should be dismissed with prejudice.

### III. DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. See Poor Thunder v. United States, 810 F.2d 817, 821-22 (8th Cir. 1987).

A. **Statute of Limitations**

Petitions for relief under 28 U.S.C. § 2255 are subject to a one-year statute of limitations period that runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Machen argues that his Motion is timely under § 2255(f)(2) and § 2255(f)(4). See Motion at 12. However, § 2255(f)(2) does not apply because Machen does not allege any governmental action that prevented him from timely filing his Motion. Additionally, § 2255(f)(4) does not apply because the operative facts supporting Machen's claims—that he is actually innocent and that his attorney failed to investigate his defense and convinced him to enter a false plea—have been available to Machen since he was charged. Indeed, Machen alleges that at the time he entered into the Plea Agreement, he knew he was innocent and that his attorney had failed to investigate Machen's assertions that Campbell had planted the firearm at the scene. See Motion at 5. Machen does not state why he did not raise his claims of actual

4

innocence and ineffective assistance of counsel within a year after the judgment against him became final.

Machen requests that the one-year statute of limitations be equitably tolled based on newly discovered evidence. Motion at 11. However, the recent charges against Campbell do not constitute newly discovered evidence that Machen is actually innocent or that he received ineffective assistance of counsel. The sexual assault charges against Campbell are entirely unrelated to Machen's case. The criminal complaint against Campbell lacks any allegation that Campbell lied in an investigation or to a law enforcement officer or tribunal, much less that Campbell planted evidence. Thus, the charges against Campbell do not support Machen's allegations that Campbell planted evidence in Machen's case.

In addition to being untimely under § 2255(f)(2) and (f)(4), the Motion fails to satisfy any other subdivision of § 2255(f). The Motion falls outside of (f)(1) because it was filed more than one year after Machen's conviction and sentence became final. Subdivision (f)(3) does not apply because Machen does not allege the existence of a right that has been newly recognized by the Supreme Court and made retroactively applicable to his case.

Based on the foregoing, the Motion is time-barred under § 2255(f).

## B. Evidentiary Hearing, Appointment of Counsel

Machen requests an evidentiary hearing and appointment of counsel. "An evidentiary hearing on a § 2255 petition may be denied if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). Because the Motion, files and record of

this case conclusively show that Machen is not entitled to § 2255 relief, the request for an evidentiary hearing is denied.

Machen's request for appointment of counsel is also denied.  A court may appoint counsel to represent a financially eligible person seeking relief under § 2255 if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Where an evidentiary hearing is not necessary, appointment of counsel is discretionary.  Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).  Here, the interests of justice do not require appointment of counsel because Machen's claims lack merit for the reasons described above.

## IV.  CERTIFICATE OF APPEALABILITY

The Court will not issue a certificate of appealability.  A court may grant a certificate of appealability only where the defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this Motion differently, or that any of the issues raised in the Motion would be debatable among reasonable jurists.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Kenneth Owen Machen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 59] is **DENIED**.  A certificate of

appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 18, 2018.